UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EUGENE BROWN | CIVIL ACTION |
| VERSUS | NO. 12-1294 |
| MSC SORAYA, ET AL | SECTION "C" (2) |

ORDER AND REASONS

This matter comes before the Court on ex parte motion to vacate dismissal filed by the plaintiff, Eugene Brown.  Rec. Doc. 14.   Having considered the memoranda of counsel and the law, the Court has determined that the motion should be granted for the following reasons.

The plaintiff seeks to have a case reopened that was filed in May 2012 and dismissed on the Court's call docket in October 2012 after the plaintiff failed to serve the defendants and failed to respond to the Court's order or appear in court.  Rec. Docs. 1, 6, 7.  The record reflects that prior to dismissal, the plaintiff received the Call Docket notice from the Court  because of his failure to file an answer, and was advised in that notice that "Failure of plaintiffs of plaintiffs' counsel to report the status, or in the absence of good cause shown why the cases remain on the docket, *the cases will be dismissed for failure to prosecute."*  Rec. Doc. 6 (emphasis added).  On October 24, 2012, a

minute entry closing the case was issued along with a judgment dismissing the case without prejudice. Rec. Docs. 7, 8. After entry of judgment, the plaintiff filed requests to have the summons issued on October 29, 2013; the summons were issued on the following day. Rec. Docs. 8, 9, 10, 11.

This motion was filed on November 20, 2012, and noticed for hearing on January 2, 2013. Rec. Doc. 14. Counsel bases his motion on Fed.R.Civ.P. 59 ("manifest injustice"), although no trial was held here. *Id.* The Court finds that Fed.R.Civ.P. 60 ("mistake, inadvertence, surprise, or excusable neglect") is more appropriate rule since the plaintiff is seeking relief from the Court's judgment dismissing his case based on his failure to prosecute.

The Court is at a loss to understand the plaintiff's reasons. He claims that his paralegal "mailed a request for service overseas" in August 2012 and he was "[t]hinking that service was being perfected." Rec. Doc. 14 at 4. He "was informed of the call docket set in this matter, while under the mistaken belief that service had been made." *Id.* He is "certain" that he told his assistant "that he thought it was canceled, but to contact the Court to make sure" and that he "was under the mistaken impression" that the call docket was in a different case in front of a magistrate judge. *Id.* Counsel "believes that he instructed the assistant" to call the chambers of the magistrate judge

2

instead of the undersigned.[1]  According to counsel, after learning about the dismissal, his "August" request was delivered to the Clerk of Court after "the Clerk's office reviewed its record and discovered that there was no record of Plaintiff's August 22, 2012 request."[2]  *Id.*  Counsel concludes that he "took actions necessary to effect service in order to prosecute Mr. Brown's case in an efficient manner" and that "it is reasonable for the Court to amend its judgment such that the matter is not dismissed, given the previous and recent efforts to serve the defendants."  *Id.* at 4-5.

The Court must disagree with plaintiff's counsel.  This is a situation where counsel's conduct was clearly inept.   At no time does counsel admit to reading a single notice, order or judgment from the Court, consulting the record or a rule book, or following up on the alleged instructions to his assistant, assuming the instructions occurred and further assuming counsel gave accurate instructions.  More disconcerting is the fact that counsel appears to continue to avoid using basic resources that a licensed attorney should consult and follow.

---

[1] The Court notes that its Call Docket notice specifically provides in highlighted print "PLEASE DIRECT ANY INQUIRIES REGARDING THIS NOTICE TO THE ABOVE NAMED CASE MANAGER," not Chambers.  Rec. Doc. 6.

[2] The Court advises that had paper documents been filed with the Court, counsel would have received a "RECEIVED" copy for his files and that the record can be reviewed by counsel electronically.

Nevertheless, the Court is mindful that even if an attorney is inept, his client may still have a viable claim. The client should not have to bear the fault of his attorney.

Accordingly,

IT IS ORDERED that the ex parte motion to vacate dismissal filed by the plaintiff, Eugene Brown, is GRANTED. Rec. Doc. 14.

New Orleans, Louisiana, this 1st day of February, 2013.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE